IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-17-BO
No. 7:16-CR-31-BO

| | | |
|---|---|---|
| SHERWIN ARCHIE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 82]. The government filed a response, conceding that the relief which petitioner seeks is warranted. [DE 85].

## BACKGROUND

Petitioner pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924 (count one); one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count two); and using and carrying a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (count three). [DE 20, 51]. Petitioner noticed a direct appeal, and this Court's judgment was affirmed.

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government as well as petitioner argue that application of *Johnson* to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under § 924(e). The Court agrees, and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is GRANTED. [DE 82]. Petitioner's sentence is hereby VACATED. Petitioner's earlier motions are DENIED AS MOOT. [DE 73, 77]. This matter shall be set for resentencing on counts one and two by separate notice.

SO ORDERED, this 22 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE